# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| LEVERT MARQUI OMONIYI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-113 |
| | ) | CR612-009 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Having pled guilty to being a felon in possession of a gun in violation of 18 U.S.C. § 922(g), CR612-009, doc. 16 (plea agreement); doc. 15 at 1-2 (judgment imposing a 120-month sentence), and having waived his appeal and collateral appeal rights,[1] doc. 16 at 6, Levert Marquis

---

[1] Under his plea agreement, he agreed that:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including but not limited to a 28 U.S.C. § 2255 proceeding, *on any ground*, EXCEPT THAT: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum or if, by variance or departure, the sentencing court imposes a sentence higher than the advisory sentencing guideline range as found by the sentencing court. The government's right to appeal is not limited, BUT IF the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Omoniyi asked the Eleventh Circuit for leave to file a successive 28 U.S.C. § 2255 motion. *See* Exhibit "A" (attached July 14, 2016 Eleventh Circuit Ruling). That Court denied his request because in fact this was his first § 2255 motion, *id.* at 2-3, so he filed his motion here, doc. 19, where the Court is preliminarily reviewing it under 28 U.S.C. § 2255 Rule 4.

Omoniyi provides no rational thread of a claim, doc. 19, thus impliedly relying on his successive-writ application, attached here as Exhibit B (the Court retrieved it through PACER). Unsurprisingly, he ignores his waiver while invoking *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015), to argue that "[t]he predicate sentences that label me an Armed Career Offender should no longer be used to enhance my sentence," and "[m]y sentence is based strictly on a prior conviction that triggered the ACCA residual clause." Exh. B at 5. He concludes: "The ACCA's language is so vague that the residual clause violates due process." *Id.*

---

Doc. 16 at 6 (emphasis added).

Omoniyi's § 2255 motion is time-barred. After the Court sentenced him to 120 months' imprisonment on March 18, 2013 (doc. 15), he never appealed. His conviction thus became final on March 27, 2013. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). That means he had to file his § 2255 motion by no later than one year later, March 27, 2014. 28 U.S.C. § 2255(f). Even were the Court to give him credit for his Eleventh Circuit § 2255 filing, Exh. A. at 7 (signature-filed June 8, 2016), it's clear that he is more than two years beyond the one-year limit.

Additional grounds support denial of his § 2255 motion. The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B).

*Johnson* found that "residual" clause so vague that it violates due process. *See Johnson,* 135 S. Ct. at 2557.

Setting aside the fact that a defendant must establish (he has not) that he was sentenced under the ACCA's residual clause,² this claim is

---

² One Eleventh Circuit panel instructs that "the district court cannot grant relief in a § 2255 proceeding unless the movant . . . proves that he was sentenced using the residual clause." *In re Moore,* ___ F.3d ___, 2016 WL 4010433 at * 3-4 (11th Cir. July 27, 2016). But another labels that command as "dicta" and "wrong." *In re Chance,* ___ F.3d ___, 2016 WL 4123844 at * 4 (11th Cir. Aug. 2, 2016). The *Moore* court said:

> the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence -- if the court cannot tell one way or the other -- the district court must deny the § 2255 motion. It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief.

*Moore,* 2016 WL 4010433 at * 4. It justified its directive in a preceding passage:

> There are many reasons why one who files a collateral proceeding has the burden of proof and persuasion on all of the elements of his claim. Chief among them is the principle that 'direct appeal is the primary avenue for review of a conviction or sentence. . . . When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence.' *Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 3391–92, 77 L.Ed.2d 1090 (1983); *see also Jones v. United States,* 304 F.3d 1035, 1039 (11th Cir. 2002) ('A fundamental purpose for the [Antiterrorism and Effective Death Penalty Act] was to establish finality in post-conviction proceedings.') (citations omitted).

*Id.* at * 3.

waived. In that regard,

> A sentence-appeal waiver is valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir.1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

*Demello v. United States*, 969 F. App'x 969, 971-72 (11th Cir. 2015); *Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016). Here there is no guilty-plea hearing transcript in the record, and no government response brief (again, this case is under initial Rule 4(b) review). Cases like this typically necessitate the generation of both the transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review.

Yet, ordering that up here -- where Omoniyi advances no specific plea-invalidity facts (*e.g.*, that he was coerced or tricked into the plea), much less *any* ineffective assistance of counsel claim -- defeats the very

5

bargain that the government secured: It gave him certain benefits in exchange for sparing the taxpayers that expense (government attorney time required to respond to his § 2255 motion, transcript expenses, etc.). To order a transcript and response, then, would gut that bargain.

"That is why the Eleventh Circuit's heightened pleading burden must be honored." *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (explaining that specific, waiver-invalidating facts must be pled, and emphasizing that mere, "I-want-a-do-over" allegations will not suffice). Where that burden is not met, the agreement itself (here the above excerpt, and defendant's affirmation of his understanding and acceptance, doc. 16 at 8), plus the absence of any waiver-invalidating allegations, stops the § 2255 train. *Id.*

It follows that Omoniyi cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1) and, as noted above, his motion is untimely by a long shot.[3]

---

[3] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is

Finally, the ACCA was simply *not* applied to Omoniyi's case. *See* Presentence Investigative Report at 12-14 (noting that he qualified for ACCA's enhanced penalty but spared himself that through his plea agreement, which itself tilted in his favor due to confusion over a state-court conviction record). His claim thus fails on these additional grounds.

Accordingly, Levert Marquis Omoniyi's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Movant invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

**SO REPORTED AND RECOMMENDED,** this __10th__ day of August, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA